UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00137-GNS-HBB

ASHLEY PURI                                                                                                     PLAINTIFF

v.

CRYSTAL BAUGH and                                                                                     DEFENDANTS
SHELTER MUTUAL INSURANCE COMPANY

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendants' Motion to Dismiss for Failure to Prosecute under Rule 41(b) (DN 47). For the reasons stated below, Defendants' motion is **GRANTED**.

**I.      SUMMARY OF FACTS AND CLAIMS**

While still a minor, Ashley Puri was injured as a passenger in her family's car on October 4, 2009. At the time of the accident, she was covered under an auto insurance policy issued by Shelter Mutual Insurance Company ("Shelter").[1] (Answer ¶ 9, DN 1-6). Following the accident, Baugh, Shelter's claims adjuster, contacted Puri's mother to, *inter alia*, settle Puri's bodily injury claim. (Compl. ¶ 9, DN 1-1; Answer ¶ 9).

On January 23, 2010, Baugh offered the sum of $1,500 in exchange for an "indemnifying release." (Compl. ¶¶ 11-12). Communication between Baugh and Puri's mother consisted of two phone calls and two letters: one making the settlement offer and a second letter forwarding the settlement check and release. (Def's Resp. to Pl.'s Mot. to Remand Ex. 4-5, 8, DN 12-4 to 12-5, DN 12-8; Hr'g Tr. 19, DN 23). On August 18, 2014, Puri filed suit in Warren Circuit Court

---

[1] Plaintiff is equivocal on her position as a first party insured or third party claimant. For the purposes of this ruling, her status as one or the other is immaterial.

1

asserting claims of negligence, fraud in the inducement, fraud by omission, and intentional infliction of emotional distress ("IIED") against Baugh relating to the release negotiations. (Compl. ¶¶ 55-81). Puri alleged that Baugh disregarded her duty to advise and misrepresented or omitted material facts over the course of her communication with Puri's mother. (Compl. ¶¶ 55-81). Defendants timely removed the action to this Court. (Notice of Removal, DN 1).

## II. STANDARD

Upon motion of a defendant, a court may involuntarily dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). The Sixth Circuit considers four factors in reviewing dismissals under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (internal quotation marks omitted) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* Plaintiff bears the burden to establish her failure to prosecute was due to "inability, not willfulness or bad faith." *Id*. (citation omitted).

## III. DISCUSSION

Here, the Rule 41(b) considerations weigh in favor of dismissal. First, Plaintiff has not responded to Defendants' motion to dismiss. The Court has been given no explanation for her failure to pursue her claim. The Court ordered Plaintiff to file a response to Defendants' Motion to Dismiss by April 22, 2016, which was returned to the Court as undeliverable. (Order, DN 48). Given Plaintiff's burden, this factor weighs heavily in favor of dismissal. Second, Defendant has

been prejudiced from continuous delays in this litigation. After withdrawal of her most recent counsel, Plaintiff was given a deadline to secure new counsel. (Order, DN 45). After the first deadline lapsed, Plaintiff failed to obtain new counsel and offered no excuse to the Court as to why or if she had decided to proceed *pro se*. Thus, this factor weighs in favor of dismissal. Third, Plaintiff was warned that this case would be dismissed if she did not respond by April 22, 2016, but the order was returned as undeliverable. (Order, DN 48). Finally, the Court has determined that no less drastic sanction than dismissal would be fruitful in this case. Plaintiff has not made an appearance before this Court since the January 14, 2016, withdrawal of her attorney. She was given thirty days to obtain new counsel and failed to do so. (Order, DN 45). She was then ordered by the Court to respond to Defendants' Motion to Dismiss by April 22, 2016, and her copy of the order was returned as undeliverable. Puri has also failed to notify the Court of her current address, as reflected by the return of undelivered copies of several orders mailed to her.

Considering the Plaintiff's lack of interest in this case, the Court sees little benefit to either party to allow this action to continue by utilizing less drastic sanctions. Therefore, this action is dismissed.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to Prosecute under Rule 41(b) (DN 47) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**

May 2, 2016

cc: counsel of record
Ashley Puri, *pro se*

3